Filed 1/27/15  P. v. Crince CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT EUGENE CRINCE,<br><br>        Defendant and Appellant. | A142475<br><br>(Lake County<br>Super. Ct. No. 934299) |

Appellant Robert Eugene Crince appeals from his plea of no contest to a felony charge of second degree burglary (Pen. Code, § 459)[1], and to a misdemeanor charge of theft (§ 484) in exchange for a grant of probation.

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention. No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.  A certificate is not required when the notice of appeal states, as appellant's does here, that the appeal is based upon the sentence or other

---

[1]  All further statutory references are to the Penal Code.

matters occurring after the plea that do not affect the validity of the plea.  Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea.  Having done so, we conclude that there is no arguable issue on appeal.

### Procedural and Material Factual Background of Case

A three-count information was filed by the Lake County District Attorney's Office on April 7, 2014, charging appellant with one count of receiving stolen property (§ 496, subd. (a)), one count of second degree burglary (§ 245, subd. (a)(1)), and one misdemeanor count of destruction of property (§ 594, subd. (a)).  Special allegations were also included in the information.

At the arraignment on the information, appellant pleaded not guilty to all of the charges, and denied the special allegations.  A plea agreement was apparently reached on May 19, 2014.[2]  However, appellant did not agree to the factual basis for the prospective plea, and a motion was made for new counsel, pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  That motion was heard on May 27, and denied by the trial court on that date.  We discern no abuse of discretion in denying the motion.

On June 2, appellant entered a change of plea form by which he agreed to plead no contest to one count of second degree burglary, and to one count of theft.  Appellant acknowledged at the sentencing hearing that he understood the plea to include both a burglary and a theft count.  In return for the plea, it was agreed that appellant would be placed on formal probation and would receive no more than 90 days local custody time.  The other charge was dismissed by the prosecutor in the interest of justice.  The plea was accepted by the court on that same day in open court.  In the accompanying written plea form appellant indicated that he understood the rights he was waiving by entering the plea, and the consequences of that plea.

Sentencing was held on July 7, and the sentence imposed was consistent with the negotiated disposition.

---

[2]  All further dates are in the calendar year 2014, unless otherwise indicated.

### Conclusions Based Upon Independent Record Review

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition or in sentencing. The sentence appellant received, and the restitution fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

### DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:


_____
RIVERA, J.


_____
STREETER, J.